UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARI ENGSTROM and DAVE ENGSTROM, wife and husband and their marital community comprised thereof,<br><br>          Plaintiffs,<br><br>   v.<br><br>JOHN WELLS, individually and as guardian of L.W., a minor,<br><br>          Defendants. | Case No. 1:18-cv-00031-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court in the above entitled matter are the Defendants' Motion for Summary Judgment and Plaintiffs' Motion for Leave to File Amended Complaint. (Dkt. 18, 19.) The Motions are ripe for the Court's consideration. The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions are decided based on the record.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of events occurring on February 5, 2016 on the Lower College ski run at Baldy Mountain in the Sun Valley Ski Resort in Idaho. The ski run is designated

as a "slow skiing" area and is posted as a "Family Zone." On that day, Plaintiff Shari Engstrom alleges she was injured when she was struck by L.W., a minor, who was traveling at a "high rate of speed." (Dkt. 1.) The Complaint further alleges that L.W.'s father, John Wells, also skied by Ms. Engstrom "moving at a high rate of speed." (Dkt. 1.) As a result, Ms. Engstrom and her husband, Plaintiff Dave Engstrom, filed the Complaint in this case raising a negligence claim purportedly against both L.W. and John Wells.

The parties have filed the instant Motion for Summary Judgment and Motion to File an Amended Complaint. (Dkt. 18, 19.) For the reasons stated below, the Court grants Plaintiffs leave to amend and denies Defendants' Motion for Summary Judgment.

## STANDARDS OF LAW

### 1.    Amendment of Pleadings

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Indeed, while the decision to grant leave to amend is within the Court's discretion, the Court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). This "policy of favoring amendments to pleadings should be applied with extreme liberality." *Id.* (internal quotation marks omitted); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (Courts apply Rule 15 with "extreme liberality.").

In determining whether a motion to amend should be granted, the court generally considers five factors: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party; and (5) whether the plaintiff has previously amended the

complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted). These factors are not weighted equally: "futility of amendment alone can justify the denial of a motion" to amend. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F .3d 1051, 1055 (9th Cir. 2009). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

## 2.      Relation Back

Federal Rule of Civil Procedure 15(c)(1)(C) provides the federal standard for whether a pleading relates back to the date of the initial pleading. *Butler v. Nat. Community Renaissance of Cal.*, 766 F.3d 1191, 1202-03 (9th Cir. 2014); (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations."). Rule 15(c)(1) provides:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>> (A) the law that provides the applicable statute of limitations allows relation back;
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have
> been brought against it, but for a mistake concerning the proper
> party's identity.

Fed. R. Civ. P. 15(c)(1). Therefore, "[i]n order for an amended complaint to relate back under Rule 15(c)(1)(C), the following conditions must be met: '(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; [and] (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it.'" *Butler*, 766 F.3d at 1202-03 (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)). "Additionally, the second and third requirements must have been fulfilled within 120 days after the original complaint is filed, as prescribed by Federal Rule of Civil Procedure 4(m)." *Id.* (citations omitted).

Rule 15(c) "is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not correctly named in the pleading before the limitation period had run." *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1501 (9th Cir. 1994).

## 3.    Summary Judgment

Federal Rule of Civil Procedure 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the

non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing, "there can be no 'genuine issue of material fact,' since a complete[] failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. When applying this standard, the court views all of the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992).

## DISCUSSION

In his Motion for Summary Judgment, John Wells argues he is the only named Defendant in this action and that the Complaint should be dismissed as a matter of law because 1) it fails to present a valid negligence claim against him and 2) the Court lacks subject matter jurisdiction. (Dkt. 18.) Plaintiffs oppose the Motion arguing they properly named both John Wells and L.W. as Defendants and that issues of fact preclude summary judgment as to John Wells' own negligence. (Dkt. 20, 22.) Alternatively, Plaintiffs seek to file an Amended Complaint to clarify or correct any errors in the pleadings. (Dkt. 19.)

## 1.     Properly Named Defendants

Plaintiffs maintain they have properly named both John Wells and L.W. as Defendants. The Court agrees.

Minor children cannot bring their own claims in court. *See* Fed. R. Civ. P. 17(b)(1), (c); Idaho Code § 5–306 (requiring that when an infant is a party, he or she must appear either by his or her general guardian or by a guardian *ad litem*.). However, a representative

"may sue or defend on behalf of a minor" and "[a] minor ... who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." Fed. R. Civ. P. 17(c).

The caption of the Complaint in this case names as "Defendants" "John Wells, individually and as guardian of L.W., a minor." (Dkt. 1.) More importantly, both John Wells and L.W. are referred to within the body of the Complaint as Defendants. As such, the Court finds Plaintiffs have named both L.W. and John Wells as Defendants in this action. However, the Court finds it appropriate for Plaintiffs to amend the Complaint to add L.W. to the caption of the Complaint as they have proposed in order to clarify the named Defendants. Fed. R. Civ. P. 15(a). Such amendment shall relate back to the date of the original Complaint. Fed. R. Civ. P. 15(c).

It is plainly evident from the body of the pleading that the Complaint in this action names both L.W. and John Wells as Defendants. (Dkt. 1.) The caption of the Complaint appears to have omitted L.W. as a Defendant. Such an error is easily and appropriately corrected by allowing Plaintiffs to file an amended complaint. This case is in the early stages and allowing this simple correction will not cause any undue delay. There is no indication of any bad faith, dilatory motive, or undue delay on the part of the Plaintiffs.

The Court further finds it appropriate to grant Plaintiffs leave to amend the Complaint to correct the caption to add L.W. that relates back to the date of the original Complaint. The claim made against L.W. arises out of L.W.'s conduct set forth in the original pleading, L.W. received notice of that claim so as not to be prejudiced, and L.W. knew or should have known that the action was or would be brought against him. L.W. is

clearly named and included as a Defendant throughout the body of the Complaint in the allegations and the claim itself. (Dkt. 1.) Defendants' contentions of prejudice because L.W. was never served, unaware, did not know, and/or should not have known are unconvincing and fail to justify dismissal of this action and/or denying Plaintiffs leave to amend. (Dkt. 21.)

L.W.'s parents cannot thwart notice or service and claim prejudice based on their own decision to not tell L.W., their minor child, about the lawsuit. The Complaint clearly alleges a negligence claim against L.W. and facts to support the claim such that L.W., through his guardian parents, knew or should have known that the negligence claim was made against him and the basis for that claim. S*ee e.g. Sulzen v. Williams*, 977 P.2d 497 (UT App. 1999) (holding relation back permitted where a complaint misnamed a parent as guardian, rather than the child by and through the parent as guardian).

## 2.    Negligence Claim against John Wells

Defendants argue the Complaint should be dismissed as a matter of law because it does not present a valid negligence claim against John Wells. (Dkt. 18.) Plaintiffs argue they have alleged a negligence claim against John Wells in his individual capacity for his own negligent actions which contributed to Ms. Engstrom's injuries – specifically, that John Wells is liable because he was racing with his son, L.W., in a "Family Zone"/"Slow Skiing" area of the mountain thereby encouraging and contributing to the negligent and reckless behavior that caused injury to Ms. Engstrom. (Dkt. 20 at 6-7.) The Court disagrees with Plaintiffs.

The negligence claim in the Complaint is only made against L.W., not John Wells. While two paragraphs in the facts section of the Complaint relate to conduct by John Wells, the Complaint does not actually raise a claim against John Wells. The First Cause of Action is entitled a claim of "Negligence by L.W." (Dkt. 1 at IV.) Paragraphs 15-20 of the Complaint set forth the First Cause of Action are clearly and expressly made solely against L.W., not John Wells. (Dkt. 1 at ¶¶ 15-20.) The Court therefore finds that Plaintiffs have failed to allege a negligence claim against John Wells.

To cure that error, Plaintiffs argue they should be permitted to amend the Complaint to include a negligence claim against John Wells which should relate back to the filing date of the original Complaint placing it within the limitations period. (Dkt. 19, 20, 22.) Defendants contend the proposed amended complaint does not meet the standard for relation back and argue amendment would be futile because the claim is barred by the statute of limitations. (Dkt. 21.)

Claims barred by the statute of limitations are futile. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008). In Idaho, the statute of limitations for personal injury actions is two years after the accrual of a claim. *See* Idaho Code § 5-219; *Joseph v. Boise State Univ.*, 998 F. Supp. 2d 928, 948 (D. Idaho 2014). Here, Plaintiffs' claim accrued on February 5, 2016, the day Ms. Engstrom alleges she was injured. The Complaint was filed on January 23, 2018, prior to the expiration of the two-year statute of limitations. Any amendment adding claims at this date, therefore, are time barred unless they relate back to the initial Complaint.

Again, an amended complaint relates back under Rule 15(c)(1)(C) where: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it. *Butler*, 766 F.3d at 1202-03.

The Court grants Plaintiffs leave to amend the Complaint to add a claim against John Wells based on his own individual negligence. It is clear from his filings that John Wells understood and believed that he was the sole Defendant named in this negligence action. (Dkt. 18, 21.) Therefore, no undue prejudice results from allowing Plaintiffs to amend their Complaint to add a negligence claim against John Wells that relates back to the date of the original Complaint. The claim arises out of the conduct and events set forth in the original pleading such that the claim shares a common core of operative facts. *Williams*, 517 F.3d at 1133 (relation back standard "is meant to ensure that the original pleading provided adequate notice of the claims raised in the amended pleading"); *Echlin v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018) ("[A]n amendment to a complaint may 'relate[ ] back' to the date of the original complaint where it 'asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading.'").

John Wells received notice of the claim and in fact believed he was the lone-named Defendant in the case such that he knew or should have known that the action would be brought against him. *Butler*, 766 F.3d at 1202-03; *Krupski*, 560 U.S. at 541 ("[R]elation

back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge."). For these reasons, the Court grants Plaintiffs leave to file an Amended Complaint adding a negligence claim against John Wells in his individual capacity.

**3.     Subject Matter Jurisdiction**

John Wells also argues the Complaint should be dismissed as a matter of law because the Court lacks subject matter jurisdiction. (Dkt. 18.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where, as here, Plaintiffs seek to invoke diversity jurisdiction, the claims must be between citizens of different states and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) (citations omitted).

The Complaint here alleges the amount in controversy exceeds $75,000. (Dkt. 1 at ¶ 3.) John Wells does not contest that allegation. Instead, John Wells' asserts the possible damages in this case are limited to $2,500 by Idaho Code § 6-210 and, therefore, below the statutory minimum required. (Dkt. 18.)

Under common law, Parents are not responsible for the torts of their children. *Fuller v. Studer*, 833 P.2d 109, 112 (Idaho 1992). Idaho Code § 6-210, however, "holds parents liable for economic losses 'willfully caused' by a minor child still living with the parents,

but only up to a maximum of $2,500." *Id.* The Plaintiffs, however, have not raised a negligent supervision or negligent entrustment claim in this case. (Dkt. 20 at 6) ("Plaintiffs have not alleged negligent supervision or negligent entrustment, or otherwise seek to hold John Wells vicariously liable. Rather, plaintiffs seek to hold John Wells liable in his individual capacity…."). The negligence claim is, therefore, not limited to Idaho Code § 6-210's statutory cap.

Further, the Court has reviewed the record in this case and finds that based on the allegations in the Complaint and the nature and type of injuries alleged, that the amount in controversy exceeds $75,000. Therefore, subject matter jurisdiction has been established under 28 U.S.C. § 1332.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1.  Defendants' Motion for Summary Judgment (Dkt. 18) is **DENIED**.

2.  Plaintiffs' Motion to File an Amended Complaint (Dkt. 19) is **GRANTED**. Plaintiffs shall file their Amended Complaint on or before **October 12, 2018**.

DATED: September 25, 2018

Honorable Edward J. Lodge
U.S. District Judge