UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHARI ENGSTROM and DAVE ENGSTROM, wife and husband and their marital community comprised thereof,<br><br>        Plaintiffs,<br><br>        v.<br><br>JOHN WELLS, individually and as guardian of L.W., a minor, and L.W., a minor,<br><br>        Defendants. | Case No. 1:18-cv-00031-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court in the above entitled matter is Defendants' Motion to Modify the Amended Case Management Order, for Rule 41(b) Involuntary Dismissal, and/or Rule 60(b) Relief from the Court's September 25, 2018 Order. (Dkt. 27.) The Motion is ripe for the Court's consideration. The facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion is decided based on the record.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of events occurring on February 5, 2016 on the Lower College ski run at Baldy Mountain in the Sun Valley Ski Resort in Idaho. The ski run is designated as a "slow skiing" area and is posted as a "Family Zone." On that day, Plaintiff Shari Engstrom alleges she was injured when she was struck by L.W., a minor, who was traveling at a "high rate of speed." (Dkt. 1.) The Plaintiffs further allege that L.W.'s father, John Wells, also skied by Ms. Engstrom "moving at a high rate of speed." (Dkt. 1.) As a result, Ms. Engstrom and her husband, Plaintiff Dave Engstrom, filed the Complaint in this case raising negligence claims against both L.W. and John Wells. (Dkt. 1.)

On September 25, 2018, the Court denied Defendants' Motion for Summary Judgment and granted Plaintiffs leave to amend the Complaint to clarify that L.W. is a named Defendant and that negligence claims were brought against both L.W. and John Wells, individually. (Dkt. 23.) Plaintiffs filed their Amended Complaint and Defendants have Answered. (Dkt. 24, 25.) On November 30, 2018, Defendants filed the instant Motion which the Court takes up herein. (Dkt 27.)

## DISCUSSION

**1.      Modification of the Case Management Order**

Defendants have moved to modify the Amended Case Management Order and/or for reconsideration of the September 25, 2018 Order, asking the Court to consider this Motion and to dismiss the negligence claim made against John Wells in the Amended Complaint. (Dkt. 27.)

Amendments to the Case Management Order are governed by Federal Rule of Civil Procedure 16(b) requiring a showing of "good cause." (Dkt. 17 at 2, n. 2.) Federal Rule of Civil Procedure 60(b) provides that the Court may reconsider any order upon a "motion and just terms" where one of the following reasons is shown: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *School Dist. No. 1J*, 5 F.3d at 1263. Under Rule 60(b)(6), the so-called "catch-all" provision, the party seeking relief "must demonstrate both injury and circumstances beyond [their] control that prevented [them] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006).

The Amended Case Management Order was entered on April 12, 2018 and set the dispositive motion deadline for November 30, 2018. (Dkt. 17.) Defendants filed their initial Motion for Summary Judgment on June 11, 2018 which the Court denied. (Dkt. 18, 23.) The Amended Case Management Order states that the Court's policy is to accept only one motion to dismiss and one summary judgment motion per party. (Dkt. 17 at 1, n. 1.)

Because Defendants have already filed a Motion for Summary Judgment, they now seek relief from the Amended Case Management Order's policy and ask the Court to consider this second dispositive motion requesting dismissal of the negligence claim against John Wells. (Dkt. 17, 18, 23, 27, 29.) Defendants argue such relief is warranted under both Rule 16(b) and Rule 60(b) because they have been prejudiced from being able to challenge the negligence claim against John Wells previously due to Plaintiffs' failure to submit a copy of the proposed Amended Complaint with their motion and because the

claim was not raised at the time Defendants filed their first Motion for Summary Judgment. The Court views the record somewhat differently but agrees that Defendants should be allowed to challenge the claim in this Motion.

In their first Motion for Summary Judgment, Defendants addressed, opposed, and sought to dismiss the entire Complaint. (Dkt. 18.) In particular, as relevant here, Defendants moved for dismissal of the claim against John Wells as a matter of law because there was "no negligence on his part whatsoever" and Idaho law precludes negligent supervision claims against a parent. (Dkt. 18 at 5-7.) Plaintiffs countered, asserting they had not alleged a negligent supervision claim against John Wells but, rather, "seek to hold John Wells liable in his individual capacity because he was racing with his son in a 'Family Zone'/'Slow Skiing' area of the mountain, thereby encouraging and contributing to the negligent and reckless behavior that cause injury…." (Dkt. 20 at 6.) Plaintiffs also moved for leave to amend their Complaint to clarify the parties and claims. (Dkt. 19.) The Court agreed that Plaintiffs had not raised a negligent supervision claim and also granted Plaintiffs leave to amend their complaint to add a "negligence claim against John Wells in his individual capacity." (Dkt. 23.)

On October 4, 2018, Plaintiffs filed their Amended Complaint raising a negligence claim against John Wells alleging his own negligent and reckless actions contributed to and was a proximate cause of Plaintiffs' injuries. (Dkt. 24 at ¶¶ 21-26.) Defendants filed their Answer on October 24, 2018 but did not, at that time, seek the relief they now request to file a second dispositive motion challenging the negligence claim against John Wells.

Instead, Defendants filed this Motion on the final day of the dispositive motions deadline. (Dkt. 27.)

Given that procedural backdrop, it has been obvious for some time to both parties that a negligence claim has been raised against John Wells in his individual capacity. The parties touched on it in their briefing on the first Motion for Summary Judgment and Motion for Leave to File an Amended Complaint. (Dkt. 18-22.) The Court itself addressed it in its Order and specifically granted Plaintiffs' leave to add the claim. (Dkt. 23.) That Plaintiffs did not submit a copy of the proposed amended complaint as required by Local Rule 15.1 is remedied by the fact that the Amended Complaint was filed on October 4, 2018, well before the November 30, 2018 dispositive motions deadline and that Defendants have now raised their challenge to the negligence claim on this Motion. (Dkt. 24, 27.)[1]

Based on the foregoing, the Court finds good cause and just terms exist to consider Defendants' Motion requesting dismissal of the negligence claim against John Wells in his individual capacity as a matter of law because that claim has now been more specifically

---

[1] Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of an action or claim upon a motion by defendant where the plaintiff "fails to prosecute or to comply" with the rules or a court order. Fed. R. Civ. P. 41(b). Such a dismissal "operates as an adjudication on the merits." *Id.* Dismissal of the claim under Rule 41(b) is not warranted here. As stated above, the parties were aware that the negligence claim against John Wells would be raised in the Amended Complaint which was filed far enough in advance of the dispositive motions deadline such that Defendants were able to file this Motion challenging the claim. Defendants have not been prejudiced because the Court has considered their Motion and public policy favors disposition of cases on the merits. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891-92 (9th Cir. 2019) (listing the five factors to consider before dismissing a case pursuant to Rule 41(b)).

plead in the Amended Complaint which was filed after Defendants' first dispositive motion had been submitted and decided.

**2.     The Negligence Claim against John Wells**

Defendants argue the negligence claim against John Wells should be dismissed with prejudice as a matter of law because Idaho does not allow for a negligent supervision claim and because the undisputed facts show there is no basis upon which Plaintiffs can prove the duty, breach, and causation elements of the negligence claim. (Dkt. 27, 29.) Plaintiffs oppose the Motion arguing their negligence claim against John Wells is made against him in his individual capacity for his own negligent actions which, they argue, contributed to causing Plaintiffs' damages. (Dkt. 28.) Plaintiffs again maintain they have not raised claims of vicarious liability or negligent supervision against John Wells. (Dkt. 28.)

Federal Rule of Civil Procedure 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing, "there can be no 'genuine issue of material fact,' since a complete[] failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. When applying this

standard, the court views all of the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Hughes v. United States*, 953 F.2d 531, 541 (9th Cir. 1992).

Again, and as previously determined, Plaintiffs have not brought a negligent supervision or negligent entrustment claim in this case. (Dkt. 23, 24, 28.) Nor can they bring such a claim. Under Idaho law, parents are not responsible for the torts of their children. *Fuller v. Studer*, 833 P.2d 109, 112 (Idaho 1992). The negligence claim against John Wells is made against him in his individual capacity. (Dkt. 24.) Specifically, the Amended Complaint raises a claim of negligence "by John Wells" alleging:

> 21. Defendant John Wells had a duty to exercise reasonable care as he proceeded down the Lower College ski run on the morning of February 5, 2016, ahead of his minor son, L.W.
>
> 22. Defendant John Wells breached that duty by, *inter alia*, skiing out of control, skiing too fast for the conditions including the presence of downslope skiers moving at a slower rate of speed, skiing too fast down a run designated a "Family Zone," and leading his minor child down the run in an unsafe manner.
>
> 23. John Wells' conduct violated the Skier's Code and was negligent.
>
> 24. As a direct and proximate result of John Wells' negligent acts and omissions, Ms. Engstrom sustained serious and permanent injuries and losses.
>
> 25. John Wells was a proximate cause of Ms. Engstrom's injuries, harms and losses.
>
> 26. Mr. Engstrom has suffered a loss of consortium as a direct and proximate result of John Wells' negligent acts and omissions.

(Dkt. 24 at ¶¶ 21-26.)

Defendants argue Plaintiffs have failed to show the existence of a genuine issue of material fact on this claim and that the allegations offer no factual basis to indicate John

Wells owed a legal duty, that he breached that duty, and/or that he was a proximate cause of the accident. (Dkt. 27, 29.) Specifically, Defendants contend John Wells was not involved in the accident, was not in the vicinity, and not a cause of the accident. The Court disagrees.

The Plaintiffs claim John Wells' own negligent and reckless actions of racing with his son in a slow/family skiing area contributed to the accident that caused Plaintiffs injuries and damages. The factual allegations are that John Wells and, shortly thereafter, his son L.W. both passed Mr. Engstrom "moving at a high rate of speed" in a "slow skiing" "family" area and that L.W. then struck Ms. Engstrom. (Dkt. 24.) Mr. Engstrom's Declaration states he "heard some whooping coming from skiers above me," "was passed by an adult male skier moving at a high rate of speed" who he believes was John Wells, and then "another skier, who appeared to be a teenage boy, passed me, also skiing at a high rate of speed," and a moment later the second skier, L.W., struck Ms. Engstrom. (Dkt. 20, Dec. Engstrom.)[2] This is sufficient to give rise to genuine issues of material fact as to the negligence claim against John Wells; i.e. whether John Wells breached a duty of care and/or proximately caused the injuries/damages alleged by the Plaintiffs.

The fact that John Wells was not the person who actually struck Ms. Engstrom does not mean, as a matter of law, that he did not engage in negligent conduct which proximately caused the accident for which he could be liable. *See e.g.* Idaho Code § 6-803 (limiting

---

[2] The Court has considered the materials filed in relation to the prior motions as they are referenced and relied upon by the parties on this Motion.

common law joint and several liability to causes of action where parties were "acting in concert" or as an agent of another); *Athay v. Stacey*, 128 P.3d 897, 907 (Idaho 2005) (recognizing two or more persons can be joint tortfeasors if they intentionally "unite in an act which constitutes a wrong to another" or where they act independently of each other and the wrongful conduct of each of them was a proximate cause of an indivisible injury.) Whether Plaintiffs can prove each of the elements of the negligence claim against John Wells and that they are entitled to relief under Idaho law remains to be seen and turns on disputed questions of fact that a jury must determine. For these reasons, the Court denies Defendants' Motion to the extent it seeks dismissal of the negligence claim against John Wells.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Modify the Amended Case Management Order, for Involuntary Dismissal, or for Reconsideration (Dkt. 27) is **GRANTED IN PART AND DENIED IN PART** as stated herein.

DATED: May 28, 2019

Honorable Edward J. Lodge
U.S. District Judge